**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, Northeast District, Pasadena, No. 13P00589

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN INVESTMENT, INC., <br><br> Plaintiff, <br> v. <br><br> JAVIER BARRAGAN, and LOURDES BARRAGAN, <br><br> Defendants. | Case No. 2:13-cv-08596-ODW(VBKx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

On November 20, 2013, Defendants removed this unlawful retainer action to this Court. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

/ / /

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Defendants premises their removal solely on federal-question grounds. But on its face, Plaintiff Robin Investment's state-law unlawful-detainer Complaint does not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

The Defendants allege that this Court has federal-question jurisdiction because they were denied due process and the protection of the Truth in Lending Act, and on the grounds that California Civil Code Section 2924. (Not. of Removal 9–10.)  But the underlying issue in this case is not an alleged violation of the Fourteenth Amendment or the Truth in Lending Act, nor is it the constitutionality of California Civil Code Section 2924.  Rather, Plaintiff Robin Investment has brought an unlawful-detainer action against Defendants as the result of a completed trustee's sale. (Compl. ¶ 5.) An unlawful-detainer action is a purely a creature of state—not federal—law. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  Any federal defense Veliz Defendants raise is irrelevant with regard to jurisdiction.  *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.  Therefore, the Court does not have jurisdiction over this case.

For the reasons discussed above, the Court **REMANDS** this case to the Los Angeles County Superior Court, case number 13P00589.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

November 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**